**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

JEAN STANLEY ULISSE,

Petitioner,

v. No. 26-cv-02868-KWR-KRS

WARDEN, *et al*,

Respondents,

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on the Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 (Doc. 1) (Petition). Petitioner is an immigration detainee and is proceeding *pro se*. Petitioner did not sign the opening. Instead, Petitioner's relative, Fabiola Inus, signed the Petition on his behalf. *See* Doc. 1 at 12. Habeas Corpus Rule 2(c)(5)[1] provides a "petition must … be signed under penalty of perjury by the petitioner or by a person authorized to sign it for the petitioner under 28 U.S.C. § 2242." *See also Kilgore v. Attorney Gen. of Colo.*, 519 F.3d 1084, 1088 (10th Cir. 2008) ("It is Rules 2(a) through 2(c) that set forth the minimum pleading requirements for the content of a petition."). Section 2242 requires the petition to be "signed and verified by the person for whose relief it is intended or by someone [legally] acting in his behalf." 28 U.S.C. § 2242.

[1] "Habeas Corpus Rule" refers to the Rules Governing Section 2254 Cases in the United States District Courts, effective February 1, 1997 and amended on December 1, 2019. The Court, in its discretion, applies those rules to this § 2241 proceeding. *See* Habeas Corpus Rule 1(b) ("The district court may apply any or all of these rules to [other types of] habeas corpus petitions"); *Boutwell v. Keating*, 399 F.3d 1203, 1211 n. 2 (10th Cir. 2005) (citing Rule 1(b) and holding the district court acted within its discretion by applying § 2254 Rules to a § 2241 proceeding).

Under certain limited circumstances, "next friends" may prosecute a habeas proceeding "on behalf of detained prisoners who are unable … to seek relief themselves." *Whitmore v. Arkansas*, 495 U.S. 149, 162 (1990); *see also* Advisory Committee Note to Habeas Corpus Rule 2(c)(5) ("The Committee envisions that the courts would apply [the] … 'next friend' standing analysis [set forth in *Whitmore*] in deciding whether the signer was actually authorized to sign the motion on behalf of the movant."). The petition "must set forth some … explanation for the necessity of resorting to the use of a 'next friend'" such as "inaccessibility, mental incompetence or other disability." *Williams v. Boone*, 166 F.3d 1223, *5 (10th Cir. 1999) (quoting *Whitmore*, 495 U.S. at 162). If the next friend fails to adequately demonstrate why the prisoner is unable sign the petition, the Court is without jurisdiction to consider it. *Id.*; *see also Jiron v. Swift,* 671 Fed. App'x 705, 706 (10th Cir. 2016) (denying certificate of appealability and dismissing appeal of "next friend" who failed to satisfy the *Whitmore* factors for next friend standing).

Here, neither Petitioner nor Ms. Inus have included any explanation for the use of a "next friend" aside from stating Petitioner cannot afford a lawyer. To the extent they rely on Petitioner's detention status, such explanation is insufficient to warrant next-friend status. *See, e.g., Jiron*, 671 Fed. App'x at 706 (rejecting father's attempt to act as next friend when he failed to show how his daughter's incarceration and failure to receive certain documents from the district court "interfered with her ability to communicate with the district court"). Within twenty-one (21) days of this Order, Petitioner must show cause, if any, why the Petition should not be dismissed without prejudice to refiling. The failure to timely comply with this ruling may result in dismissal without further notice.

**IT IS ORDERED** that within twenty-one (21) days of entry of Order, Petitioner shall file

a response showing cause, if any, why the Petition should not be dismissed without prejudice.

**SO ORDERED**.

____/S/______________________________
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE